IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charlite Denise Neal, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Andrew Saul, Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 9:18-cv-00545-TLW |

**ORDER**

Plaintiff Charlite Denise Neal brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security (Commissioner), denying her claims for disability benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed on May 29, 2019, by United States Magistrate Judge Bristow Marchant (MJ), to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). ECF No. 23. In the Report, the Magistrate Judge recommends reversing the Commissioner's decision and remanding for reevaluation. *Id.* Defendant filed objections to the Report, to which the Plaintiff replied. ECF Nos. 24, 25. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final

1

determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The issue before the Court is whether the final decision of the Commissioner, that the Plaintiff was not disabled during the period between the alleged onset date of October 13, 2012 and the date of decision of May 4, 2017, is supported by substantial evidence. In his objections, Defendant argues that the Administrative Law Judge (ALJ) properly supported his opinion because Social Security Ruling 96-9p (SSR 96-9p) only requires that medically required assistive devices be considered in a residual functional capacity (RFC) assessment. After reviewing the record and the decision of the ALJ, and in light of the objections filed, the Court accepts the Report which concludes that the ALJ did not adequately support his decision that Plaintiff's treatment notes do not show use of an assistive device to meet the substantial evidence standard. As the MJ also noted in detailed analysis set out in his Report, the ALJ did not fully consider Plaintiff's use of an assistive device as required by SSR 96-9p.

In this case, while determining his RFC assessment, the ALJ dismissed Plaintiff's use of an assistive device by stating, "[a]lthough [Plaintiff] testified she requires a cane and walker for ambulation, there is no evidence indicating such a debilitating condition in the record. Her physical examinations have essentially been within normal limits. Treatment records do not show use of a

cane or walker." R at p. 23. As the MJ notes, there are numerous treatment reports in the record that indicate Plaintiff's use of a cane (R.pp. 409, 470, 473, 480, 660, 827-828, 837, 1016, 1056, 1089, 1091, 1139, 1143-144, 1898, 1983, 1989, 1997, 2121, 2459) and the Report itself notes that a cane was prescribed in 2009 and a walker in 2014. R at p. 23. While the ALJ focuses on the medical necessity of a cane, the significant use by the Plaintiff is relevant.

The Court acknowledges the deferential standard of review as recently reiterated by the Supreme Court as well as the guidance that an ALJ's fact-finding is not readily subjected to categorical rules separate and apart from the deferential substantial evidence test. *See Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the MJ, which concludes that the ALJ did not properly consider Plaintiff's cane use in determining Plaintiff's RFC assessment and therefore lacks the support of substantial evidence pursuant to SSR 96-9p.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 23, is **ACCEPTED**, and Defendant's objections, ECF No. 24, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **REVERSED**.

**IT IS SO ORDERED**.

                                                        *s/ Terry L. Wooten*
                                                        TERRY L. WOOTEN
                                                        Senior United States District Judge

September 12, 2019
Columbia, South Carolina